IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAQUILLE HENDERSON, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 23-202 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| Respondent. | : | |

## **MEMORANDUM OPINION**

Smith, J.                                                                                                                                                                                    March 27, 2023

      This quasi-habeas matter involves an individual serving a Pennsylvania-state-court-imposed life sentence for first-degree murder, who has unsuccessfully challenged his convictions and sentence on direct appeal and state post-conviction collateral review. He has now moved to have this court stay his time to file a petition seeking habeas relief under 28 U.S.C. § 2254 while he pursues a second attempt at state post-conviction collateral review. Although he filed this motion without first filing a habeas petition, the Clerk of Court has treated the motion as a section 2254 habeas petition presumably because it mentions a desire to seek habeas relief and the movant cannot commence a civil action by only filing a motion. Treating it as a motion, however, creates two issues for the movant because the motion does not assert any grounds for habeas relief and is not on the proper form. In addition, the movant has not paid the fee to proceed with a habeas action or sought leave to proceed *in forma pauperis*.

      Due to these issues, the Clerk of Court entered an order requiring the movant to complete and return a section 2254 petition using this court's standard form and either pay the required filing fee or seek leave to proceed *in forma pauperis*. The movant has responded to this order by stating

the obvious: he did not file a habeas petition in this court; instead, he filed a motion to stay the time for him to file a section 2254 petition once he exhausts certain after-discovered evidence claims in the state courts through the filing of a second application for post-conviction collateral relief. As he had only intended to file the motion to stay, he is unsure whether to pay the $5 fee and uncertain about how to respond to the Clerk of Court's order because his motion to stay is now being treated as a habeas petition.

After reviewing the motion, the publicly available docket entries for the movant's underlying criminal case, and available opinions from Pennsylvania appellate courts during the movant's direct and collateral relief appeals, it is apparent that the movant misunderstands the posture of his case relative to the statute of limitations to file a section 2254 habeas petition and his ability to obtain a stay. However, because this misunderstanding could have a detrimental impact on the movant's ability to file a timely section 2254 petition, should he choose to do so, the court will attempt to provide him with sufficient information for him to make an informed decision about proceeding with this case.

## I.   BACKGROUND

In April 2013, the City of Philadelphia Police Department charged the *pro se* movant, Shaquille Henderson ("Henderson"), with criminal homicide (18 Pa. C.S. § 2501) and carrying a firearm on public streets or public property in Philadelphia (18 Pa. C.S. § 6108). *See* Docket, *Commonwealth v. Henderson*, No. CP-51-CR-09598-2013 (Phila. Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0009598-2013&dnh=%2FuCaBkk3LC%2BWpZtAAqghyg%3D%3D ("CCP Docket I"); *Commonwealth v. Henderson*, No. 870 EDA 2015, 2017 WL 1548920, at *2 (Pa. Super. Apr. 28, 2017)

("*Henderson I*").[1] In October 2014, Henderson proceeded to a jury trial during which the jury found him guilty of first-degree murder and carrying a firearm on public streets or public property in Philadelphia. *See Henderson I* at *2; *Henderson II* at *2. On November 7, 2014, the trial court sentenced Henderson to life imprisonment without the possibility of parole for his first-degree murder conviction.[2] *See Henderson I* at *2.

Henderson timely filed post-sentence motions, which were denied by operation of law on March 16, 2015.[3] *See id.* Henderson then timely filed a notice of appeal to the Pennsylvania Superior Court, which affirmed his judgment of sentence on April 28, 2017. *See generally Henderson I*. He then timely filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which the Court denied on August 9, 2017. *See Henderson II* at *2 (citation omitted). It does not appear that Henderson filed a petition for a writ of certiorari with the United States Supreme Court.[4]

---

[1] Henderson also appears to have been charged in a separate criminal information with persons not to possess firearms (18 Pa. C.S. § 6105(a)(1)), firearms not to be carried without a license (18 Pa. C.S. § 6106(a)(1)), unlawful possession of a controlled substance (35 P.S. § 780-113(a)(16)), and another count of carrying a firearm on public streets or public property in the City of Philadelphia. *See* Docket, *Commonwealth v. Henderson*, No. CP-51-CR-9577-2013 (Phila. Cnty. Ct. Com. Pl.), *available at*: https://ujsportal.pacourts.us/Report/CpDocketSheet?docketNumber=CP-51-CR-0009577-2013&dnh=HYkf8jAhibdnp5tqxLTeJQ%3D%3D ("CCP Docket II"); *see also Commonwealth v. Henderson*, No. 2245 EDA 2020, 2022 WL 1538279, at *2 n.5 (Pa. Super. May 16, 2022) ("*Henderson II*") (indicating that Henderson was also "charged with various violations of the Uniform Firearms Act (VUFA) and possession of an instrument of crime (PIC)"). It appears Henderson pleaded guilty to firearms not to be carried without a license, unlawful possession of a controlled substance, and carrying a firearm on public streets or public property in the City of Philadelphia on November 7, 2014, and he received no further penalty for these convictions. *See* CCP Docket II.

[2] Henderson received no further penalty for his firearms conviction. *See Henderson I* at *2.

[3] Rule 720 of the Pennsylvania Rules of Criminal Procedure governs post-sentence motions, including the timing to file said motions and the time provided to trial courts to dispose of those motions. *See* Pa. R. Crim. P. 720. A defendant seeking to file a post-sentence motion must file it "no later than 10 days after imposition of sentence." Pa. R. Crim. P. 720(A)(1). Once a post-sentence motion is filed, the trial court has 120 days to decide it. *See* Pa. R. Crim. P. 720(B)(3)(a) ("[T]he judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion."). "If the judge fails to decide the motion within 120 days . . . the motion shall be deemed denied by operation of law." *Id.*

[4] Henderson had 90 days after the Pennsylvania Supreme Court entered the order denying his petition for allowance of appeal to file a petition for a writ of certiorari with the United States Supreme Court. *See* Sup. Ct. R. 13(1) ("A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.").

After his unsuccessful attempts to overturn his convictions and sentence on direct appeal, Henderson commenced his first collateral attack on those convictions and sentence by filing a *pro se* petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. C.S. § 9541–46 ("PCRA"), on May 16, 2018. *See id.*; *see also* CCP Docket I. The PCRA court appointed counsel to represent Henderson, and counsel filed an amended PCRA petition on September 15, 2019. *See Henderson II* at *2. Slightly over a year later, the PCRA court issued a notice of intent to dismiss the amended PCRA petition without a hearing.[5] *See id.* Although Henderson filed a response to the notice, the PCRA court dismissed the amended petition without a hearing on November 10, 2020. *See id.* Henderson appealed from this dismissal to the Superior Court, which affirmed the PCRA court on May 16, 2022. *See id.* at *3, 4. Henderson then filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which denied the petition on October 18, 2022. *See Commonwealth v. Henderson*, No. 153 EAL 2022, 286 A.3d 707 (Table) (Pa. 2022).

On January 9, 2023, Henderson filed the instant "Motion for Stay and Abeyance of Petitioner [sic] 28 U.S.C. § 2254 Habeas Corpus Petition" (the "Motion") with the Clerk of Court.[6]

---

[5] Rule 907 of the Pennsylvania Rules of Criminal Procedure allows a PCRA court to dispose of a PCRA petition without a hearing:

> Except as provided in Rule 909 for death penalty cases,
>
> (1) the judge shall promptly review the petition, any answer by the attorney for the Commonwealth, and other matters of record relating to the defendant's claim(s). If the judge is satisfied from this review that there are no genuine issues concerning any material fact and that the defendant is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings, the judge shall give notice to the parties of the intention to dismiss the petition and shall state in the notice the reasons for the dismissal. The defendant may respond to the proposed dismissal within 20 days of the date of the notice. The judge thereafter shall order the petition dismissed, grant leave to file an amended petition, or direct that the proceedings continue.

Pa. R. Crim. P. 907(1).

[6] The Clerk of Court docketed the Motion on January 11, 2023. The federal "prisoner mailbox rule" provides that a *pro se* prisoner's petition is deemed filed "at the time petitioner delivered it to the prison authorities for forwarding to the court clerk." *Houston v. Lack*, 487 U.S. 266, 275–76 (1988). Here, Henderson attaches a certificate of service indicating that he mailed the motion on January 9, 2023. *See* Doc. No. 1 at ECF p. 5.

    The court also notes that Henderson appears to believe that he filed the Motion on January 1, 2023. *See* Doc. No. 8 at ECF p. 1 ("I filed a motion for stay and abeyance on 1/1/2023."). He is mistaken. Even though he dated the

4

*See* Doc. No. 1. Although Henderson clearly intended for the Motion to be a motion, the Clerk of Court docketed the motion as a habeas petition since, presumably, Henderson did not have a pending habeas petition in this court and an individual cannot commence an action in federal court by filing a motion. *See* Fed. R. Civ. P. 5(d)(4) ("The clerk must not refuse to file a paper solely because it is not in the form prescribed by these rules or by a local rule or practice."); Rules Governing Section 2254 Cases, Rules 1–3 (contemplating that section 2254 proceedings are initiated via petitions); *see also* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court.").

With the Clerk construing the Motion as a habeas petition, the Clerk entered an order on February 2, 2023, which provided in relevant part as follows:

> 2.    If Henderson seeks to proceed with this case . . ., he must within thirty (30) days of the date of this Order, either (1) pay the required $5 filing fee to the Clerk of Court, or (2) complete and return to the Clerk of Court the application to proceed in forma pauperis, including the required certification of prison assets signed by a prison official.
>
> . . .
>
> 4.    If Henderson intends to pursue this matter pursuant to 28 U.S.C. § 2254, he shall also complete this court's current standard habeas petition form, sign the completed petition, and return it to the Clerk of Court within thirty (30) days of the date of this Order.
>
> 5.    If Henderson fails to comply with this Order the petition may be dismissed without further notice for failure to prosecute.

Feb. 2, 2023 Order at 1–2, Doc. No. 3.

---

motion for January 1, 2023, *see* Doc. No. 1 at ECF p. 1, his own certificate of service states that he did not serve it until January 9, 2023, *see id.* at ECF p. 5. Thus, January 9, 2023, is the date of filing.

In response to this order, Henderson submitted a letter on March 14, 2023,[7] in which he stated:

> I write to you in response to the order I got on 3/ /2023 [sic]. It say [sic] I filed a petition for habeas corpus relief on 2/2/2023. I never filed the above petition. I filed a motion for stay and abeyance on 1/1/2023. Now I am being order [sic] to pay a $5 filing fee. I do not know if I have to pay a $5 fee for the motion for stay and abeyance.

Doc. No. 8 at ECF p. 1.

## II. DISCUSSION

It is apparent to the court that Henderson requires additional information to make an informed decision on how to proceed in this case because he does not understand why the court is treating the Motion as a habeas petition and is now uncertain how he should proceed. It also appears that Henderson misapprehends how much time remains for him to file a timely habeas petition, and he is understandably concerned about this remaining time insofar as he filed the Motion. The court will therefore start with the limitations issue before explaining about the court's treatment of the Motion as a section 2254 habeas petition.

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), an individual filing a section 2254 habeas petition has one year to file the petition

> from the latest of--
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[7] The Clerk's Office docketed the letter on March 22, 2023.

6

> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1)(A)–(D).

In the Motion, Henderson states that he "has 6 months left in his 2254 limitation period." Doc. No. 1 at ECF p. 3. Based on this statement, it appears that Henderson is calculating the remaining time for him to file a section 2254 habeas petition based on the start date in section 2244(d)(1)(A). If so, his calculation is not far off.

"Under § 2244(d)(1)(A), a state court criminal judgment becomes 'final,' and the statute of limitations begins to run, 'at the conclusion of review in the United States Supreme Court or when the time for seeking certiorari review expires.'" *Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999) (quoting *Kapral v. United States*, 166 F.3d 565, 575 (3d Cir. 1999) and citing *Morris v. Horn*, 187 F.3d 333, 337 n.1 (3d Cir. 1999)). Here, Henderson's time to seek direct review in the United States Supreme Court expired on November 7, 2017, which was 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal. *See* Sup. Ct. R. 13(1) (providing 90-day period to seek certiorari from "judgment of a lower state court that is subject to discretionary review by the state court of last resort"). As such, his judgment became final for purposes of the section 2244(d)(1)(A) limitations period on November 7, 2017, and Henderson would have had until November 7, 2018, to timely file a section 2254 habeas petition in this court, unless any statutory or equitable tolling period applies.

Concerning statutory tolling, the AEDPA contains a tolling provision, which provides that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). A "properly filed application" for state post-conviction collateral review is "one submitted according to the state's procedural

7

requirements, such as the rules governing the time and place of filing." *Lovasz v. Vaughn*, 134 F.3d 146, 148 (3d Cir. 1998). "State prisoners therefore must file their state claims promptly and properly under state law in order to preserve their right to litigate constitutional claims that are more than one year old in federal court." *Fahy v. Horn*, 240 F.3d 239, 243 (3d Cir. 2001). If the state court dismisses a late-filed application for post-conviction collateral review because it is time-barred, the application does not constitute a "properly filed application" for AEDPA tolling purposes. *See Merrit v. Blaine*, 326 F.3d 157, 165–66 (3d Cir. 2003).

In this case, Henderson filed his first PCRA petition with the state court on May 16, 2018. By this filing date, 190 of Henderson's 365 days to file a section 2254 petition had already run. Nevertheless, as he timely filed his PCRA petition, its filing would toll the time for Henderson to file a federal habeas petition while it remained "pending" in the Pennsylvania state courts. *See* 28 U.S.C. § 2244(d)(2). The PCRA petition (as amended) remained "pending" until the Pennsylvania Supreme Court denied Henderson's petition for allowance of appeal on October 18, 2022. *See Carey v. Saffold*, 536 U.S. 214, 220 (2002) (stating that state postconviction application "remains pending" "until the application has achieved final resolution through the State's postconviction procedures"). Therefore, starting on October 19, 2022, the one-year limitations period in section 2244(d)(1)(A) began to run again.[8]

By the time Henderson filed the Motion in this court, another 83 days had run on his one-year period under section 2244(d)(1)(A). Thus, combined with the 190 days between his judgment becoming final and the filing of his first PCRA petition, 273 of the 365 days have already run, leaving only 92 days to file a timely section 2254 petition. Accordingly, Henderson's belief that he still has six months to file a timely section 2254 petition appears to be incorrect.

---

[8] In the Motion, Henderson incorrectly asserts that the Pennsylvania Supreme Court denied his "Allowance of Appeal" on June 9, 2022. Doc. No. 1 at ECF p. 3.

Now that the court has hopefully clarified the limitations issue (at least under section 2244(d)(1)(A)), the court will move on to the fundamental problem with his submissions in this court: He misunderstands the concept of the stay. For this court to enter a stay, there first must be a properly filed section 2254 habeas petition because the court would be staying all activity which would lead to the ultimate resolution of the habeas petition. If Henderson does not have a pending habeas petition, there is nothing for this court to stay. Therefore, the court will require clarification from Henderson as to whether he intended for the Motion to constitute a section 2254 habeas petition. If so, and as already explained to him in the Clerk of Court's February 2, 2023 order, he did not submit the petition on the proper form.[9] *See* Doc. No. 3. In addition, as also previously

---

[9] If an individual incarcerated under a judgment of a state court seeks habeas corpus relief, the individual is obligated under Local Civil Rule 9.3(a) and Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts to use the court's current standard 28 U.S.C. § 2254 form. *See* E.D. Pa. Loc. Civ. R. 9.3(a) ("All petitions for writs of habeas corpus and all motions pursuant to 28 U.S.C. 2255 shall be filed on forms provided by the Court and shall contain the information called for by such forms."); Rules Governing Section 2254 Cases in the U.S. Dist. Cts. R. 2(d) ("The petition must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."). The use of the court's current standard form in proceedings under 28 U.S.C. § 2254 is necessary to ensure that a petitioner is made aware of the warnings required pursuant to *United States v. Thomas*, 221 F.3d 430 (3d Cir. 2000) (relating to statute of limitations set forth in 28 U.S.C. § 2244(d)) and *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (relating to limitations on right of habeas petitioner to file "second or successive" petition under 28 U.S.C. § 2254). The specific *Thomas* and *Mason* warnings are included in the introductory text of the court's current standard form. These instructions are as follows:

> Your habeas corpus petition must be filed within the 1-year statute of limitations time limit set forth in 28 U.S.C. § 2244(d)(1). (There are limited circumstances in which the petition may be amended, within the one-year time period, to add additional claims or facts, *see* Federal Rule of Civil Procedure 15; or amended after the one-year period expires, in order to clarify or amplify claims which were timely presented, *see United States v. Thomas*, 221 F. 3d 430 (3d Cir. 2000)).
>
> . . .
>
> As required by 28 U.S.C. § 2254(b)(1), you must have exhausted all claims that you are making in your petition. This means that every claim must have been presented to each level of the state courts. If you file a petition that contains claims that are not exhausted, the federal court will dismiss your petition. 28 U.S.C. § 2254(b)(2) provides that the federal court may deny your petition on the merits even if you have not exhausted your remedies.
>
> As required by 28 U.S.C. § 2244(b)(1), a federal court must dismiss any claim in a second or successive habeas corpus petition that was presented in a prior habeas corpus petition.
>
> As required by 28 U.S.C. § 2244(b)(2), a federal court must dismiss any claim in a second or successive habeas corpus petition that was not presented in a prior habeas corpus petition unless you show:

9

explained by the Clerk of Court, he would need to either (1) pay the $5 filing fee or (2) submit a completed application for leave to proceed *in forma pauperis* if he intends to prosecute a habeas petition. *See id.* His failure to submit a habeas petition using the proper form or paying the fee/seeking leave to proceed *in forma pauperis*, could result in the dismissal of this action for failure to prosecute. Nevertheless, if he indicates a desire to pursue habeas relief and takes the necessary steps discussed above, he will maintain the January 9, 2023 filing date, which appears to be well within the one-year limitations period in section 2244(d)(1)(A).

If Henderson did not intend for the Motion to constitute a section 2254 habeas petition, then the court could not grant his motion to stay because there is no habeas petition to stay. As discussed later in this opinion, the court cannot simply grant a stay because a potential habeas petitioner seeks one and generally claims that they have new claims entitling them to relief. There generally needs to be, at a minimum, a habeas petition containing the petitioner's claims (both exhausted and unexhausted)[10] for habeas relief, and the motion for a stay would have to include sufficient information warranting a stay while the petitioner exhausts their unexhausted claims.

---

(A)   the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the U.S. Supreme Court, that was previously unavailable; or

(B)   (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence, and (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable fact finder would have found you guilty of the offense in question.

Before such a second or successive petition may be filed in the district court, however, the petitioner must move in the court of appeals for an Order authorizing the district court to consider the petition. Petitioner's motion for such an Order must be determined by a three-judge panel of the court of appeals, which must grant or deny the motion within 30 days. The court of appeals may grant the motion only if it determines that the petition makes a prima facie showing that it satisfies either (A) or (B) above.

Pet. for Relief from a Conviction or Sentence by a Person in State Custody at 1–2, *available at*: https://www.paed.uscourts.gov/documents/forms/frmp2254f.pdf.

[10] Alternatively, a habeas petitioner could seek to amend the habeas petition to add unexhausted claims and, if amendment is permitted, request a stay of the habeas action while the petitioner exhausts the unexhausted claims in the state courts.

10

*See Heleva v. Brooks*, 581 F.3d 187, 190, 192 (3d Cir. 2009) (describing requirements for district court to grant stay in habeas action). As Henderson lacks both a habeas petition that the court can consider (as the Motion is not a proper habeas petition because it, *inter alia*, contains no claims for relief) and a motion addressing the requirements for a stay, the court will have to dismiss this action if Henderson desires to not treat the Motion as a habeas petition. This dismissal would be without prejudice to Henderson filing a section 2254 habeas petition when he desires to do so. But, alas, Henderson has a possible obstacle there as well.

The Motion has been pending in this court for 77 days. There is no statutory tolling under section 2244(d)(2) for time that has passed while the Motion has been pending in this court, but it is always possible (but surely not guaranteed) that equitable tolling could apply to cover this period.[11] If, however, a court were to determine that equitable tolling did not apply to this 77-day period, then Henderson has only **15 days from today** to timely file a habeas petition before the expiration of the one-year limitations period in section 2244(d)(1)(A). Therefore, if Henderson indicates that the court should dismiss this action because he does not want to pursue habeas relief at this time, it is very likely that the limitations period under section 2244(d)(1)(A) will have run, unless saved by equitable tolling, by the time he would refile a section 2254 habeas petition.

The court also notes that there is no averment in the Motion that Henderson has filed a second PCRA petition; at best, the Motion appears to contemplate the filing of a second PCRA

---

[11] Concerning equitable tolling, AEDPA's one-year statute of limitations is subject to equitable tolling "in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 634, 649 (2010). A "'petitioner' is 'entitled to equitable tolling' only if [they] show[] '(1) that [they] ha[ve] been pursuing [their] rights diligently, and (2) that some extraordinary circumstance stood in [their] way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005) (emphasis removed in original)). "[T]here are no bright lines in determining whether equitable tolling is warranted in a given case. Nevertheless, courts must be sparing in their use of equitable tolling, and should do so only when the principles of equity would make the rigid application of a limitation period unfair." *Sistrunk v. Rozum*, 674 F.3d 181, 190 (3d Cir. 2012) (internal quotation marks and citations omitted).

petition. *See* Doc. No. 1 at ECF pp. 1–4.[12] To the extent that he believes that his filing of a second PCRA petition would also toll the time under section 2244(d)(2), he should be wary of his belief. In the first instance, he would have to file the second PCRA petition in the next 15 days for it to toll the time to file a section 2254 habeas petition. In addition, the second PCRA petition must be a "properly filed application" for tolling to apply while that second petition remains "pending." 28 U.S.C. § 2244(d)(2). This means, at a minimum, that it must be timely filed under the PCRA,[13]

---

[12] The docket for No. CP-51-CR-9598-2013 does not reference a second PCRA petition. *See generally* CCP Docket I.

[13] The time for filing a PCRA petition is as follows:

> (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> >
> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> >
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> . . .
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within one year of the date the claim could have been presented.
>
> (3) For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.
>
> (4) For purposes of this subchapter, "government officials" shall not include defense counsel, whether appointed or retained.

42 Pa. C.S. § 9545(b).

If Henderson files a second PCRA petition, it would be well outside the one-year period from the date his judgment of sentence became final (November 7, 2017), *see* 42 Pa. C.S. § 9545(b)(1); therefore, for the PCRA court to consider the second petition, Henderson would have to **allege and prove** one of the three exceptions to the general timeliness requirement applied, meaning he would have to **allege and prove** either: (1) "the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States"; (2) "the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence"; or (3) "the right asserted is a constitutional right that was recognized by the Supreme Court of the

because if it is time-barred, Henderson's second PCRA petition would not constitute a "properly filed application" for AEDPA tolling purposes. *See Merritt*, 326 F.3d at 165–66. At bottom, Henderson's reliance on a second PCRA petition to toll the section 2244(d)(1)(A) limitations period could result in the expiration of AEDPA's one-year period while his second PCRA petition remained active in the state courts, if the state courts ultimately concluded that the second petition was untimely. *See Pace*, 544 U.S. at 414 ("When a post-conviction petition is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)'" (quoting *Carey v. Saffold*, 536 U.S. 214, 226 (2002))); *id.* at 417 ("Because the state court rejected petitioner's PCRA petition as untimely, it was not 'properly filed,' and he is not entitled to statutory tolling under § 2244(d)(2)."); *Long v. Wilson*, 393 F.3d 390, 395 (3d Cir. 2004) (concluding that untimely PCRA petition did not toll statute of limitations because "the limitations period had already run when it was filed").

### III.   CONCLUSION

As explained above, this court cannot grant the Motion because a district court cannot stay a habeas action unless Henderson has intended to file such an action in the first place; in other words, the court cannot stay a prospective habeas action. If Henderson intended to file a habeas action and then have the court stay it while he attempts to exhaust unexhausted claims in the state court, he needs to complete a section 2254 habeas petition on this court's standard form and return it to the Clerk of Court. In addition, he must either remit the $5 filing fee for habeas actions or file an application for leave to proceed *in forma pauperis*. Upon the filing of a habeas petition on the proper form, and the payment of the fee or the submission of an application for leave to proceed

---

United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively." *Id.* § 9545(b)(1)(i)–(iii). If Henderson sought to invoke one of the three exceptions, he would have to file his petition "within one year of the date the claim could have been presented." *Id.* § 9545(b)(2).

*in forma pauperis*, he may file a new motion to stay these proceedings pending exhaustion of certain claims in the state courts, and the court will resolve that motion.[14]

If, as Henderson indicates in his March 14, 2023 letter to the court, he did not intend to initiate a habeas action, he may notify the court of this intent and the court will dismiss this action without prejudice. In such a notification, Henderson must acknowledge that he has read this opinion and the warnings on the court's standard form habeas petition, and he must expressly indicate that he still does not wish to pursue a federal habeas action at this time. Additionally, if Henderson does not take the steps outlined above to prosecute this habeas case, such as by filing a completed section 2254 petition on this court's standard form **and** either remitting the $5 fee **or** filing an application for leave to proceed *in forma pauperis* with the Clerk of Court, the court will dismiss this action for his failure to prosecute.[15]

The court will enter a separate order.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

---

[14] To justify a stay, a habeas petitioner must satisfy three requirements: (1) good cause for the failure to exhaust; (2) the unexhausted claims are potentially meritorious; and (3) the petitioner must not have engaged in intentionally dilatory litigation tactics. *Heleva*, 581 F.3d at 190, 192 (3d Cir. 2009) (citing *Rhines v. Weber*, 544 U.S. 268, 278 (2005)). If the court applied this standard to the Motion, the court would deny it because, *inter alia* (1) Henderson does not attempt to address whether he had good cause for his failure to exhaust these new claims and (2) the court cannot assess whether Henderson's after-discovered evidence claims are potentially meritorious because the motion does not identify his claims. Simply stating that he "has [e]vidence of [m]ultiple [c]onstitutional [v]iolations," Doc. No. 1 at ECF p. 4, is wholly insufficient information about the substance of the claims to allow any court to assess their potential merit.

[15] Nothing stated in this memorandum opinion constitutes a determination of any issue potentially relating to AEDPA's statute of limitations and Henderson's case. In other words, it shall not prevent any respondent from raising the statute of limitations bar or another court from conducting the necessary calculations and addressing any statute of limitations issue.