IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAQUILLE HENDERSON, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 23-202 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| Respondent. | : | |

## ORDER

**AND NOW**, this 27th day of March, 2023, after considering the a "Motion for Stay and Abeyance of Petitioner [sic] 28 U.S.C. § 2254 Habeas Corpus Petition" filed by the *pro se* petitioner, Shaquille Henderson ("Henderson") (Doc. No. 1), and Henderson's response to the clerk of court's order dated February 2, 2023 (Doc. No. 8); and for the reasons set forth in the separately filed memorandum opinion, it is hereby **ORDERED** as follows:

1. The clerk of court shall **FURNISH** Henderson with a blank copy of this court's current application for leave to proceed *in forma pauperis* (short form) bearing the above civil action number. Henderson may use this form to seek leave to proceed *in forma pauperis* if he cannot afford to pay the $ 5 fee to commence this habeas action;

2. If Henderson seeks to proceed with this case, he must, within **thirty (30) days** of the date of this order, either (1) pay the required $5 filing fee to the clerk of court, or (2) complete and return the application for leave to proceed *in forma pauperis*, including the required certification of prison assets signed by a prison official, to the clerk of court. Failure to comply with this directive will result in dismissal of this case without further notice for failure to prosecute;

3. The clerk of court shall **FURNISH** Henderson with a blank copy of the court's current standard form for filing a petition pursuant to 28 U.S.C. § 2254, bearing the above-captioned civil action number; and

4. Within **thirty (30) days** of this order, Henderson shall **complete** this court's current standard form of petition as directed by Local Civil Rule 9.3(b) and Rule 2(d) of the Rules Governing Section 2254 Cases in the United States District Courts, **sign** the **completed** petition, and **return** it to the clerk of court. If Henderson fails to timely complete and return a habeas petition on the proper form, the court will dismiss this case without further notice for the failure to prosecute;

5. If Henderson does not intend to prosecute this habeas action, he may complete and return the Notice of Election attached to this order, no later than **thirty (30) days** from the date of this order. If Henderson does not return the Notice of Election or comply with the court's directives in paragraphs 2 and 4 of this order, the court will dismiss this action for the failure to prosecute; and

6. The clerk of court is **DIRECTED** to **REMOVE** the motion designation for Henderson's March 14, 2023 letter (Doc. No. 8) because it is not a motion to stay; instead, it is letter which attaches the motion Henderson filed on January 9, 2023, which is currently characterized as a petition for a writ of habeas corpus, *see* Doc. No. 1.

BY THE COURT:

/s/ *Edward G. Smith*
EDWARD G. SMITH, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SHAQUILLE HENDERSON, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 23-202 |
| | : | |
| v. | : | |
| | : | |
| COMMONWEALTH OF PENNSYLVANIA, | : | |
| | : | |
| Respondent. | : | |

**NOTICE OF ELECTION**

I, Shaquille Henderson, petitioner in the captioned action, have read the memorandum opinion, order of court, and warning on the court's standard form habeas petition under 28 U.S.C. § 2254, all which accompanied this form notice. After reviewing those documents, I choose to withdraw the motion to stay, which has been construed by this court as a section 2254 habeas petition, so that I may file one, all-inclusive petition under 28 U.S.C. § 2254. I make this choice with a recognition of the time limit for filing such a petition and the consequences of not filing a timely petition.

_____
Shaquille Henderson

Signed on _____.

　　　　(Date)